**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT *PRO SE*:

**WILLIAM BAXTER**
Carlisle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| WILLIAM BAXTER, | ) |
| | ) |
| Appellant-Petitioner, | ) |
| | ) |
| vs. | ) No. 49A04-1205-PC-248 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Respondent. | ) |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Kurt M. Eisgruber, Judge
The Honorable Steven J. Rubick, Magistrate
Cause No. 49G01-0810-PC-249149

**March 28, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

William Baxter was convicted of Class A felony rape, two counts of Class B felony criminal deviate conduct, Class C felony robbery, and Class A misdemeanor battery, for which he received an aggregate sentence of fifty-four years of incarceration. In this post-conviction proceeding, Baxter contends that he received ineffective assistance of trial and appellate counsel in several respects. Concluding that Baxter has failed to establish that he received ineffective assistance of trial and appellate counsel, we affirm.

## FACTS AND PROCEDURAL HISTORY

The facts underlying Baxter's convictions were related by this court in its disposition of Baxter's direct appeal:

> In the early morning hours of September 29, 2007, T.R. was walking down a street in Indianapolis when she came into contact with three men: Baxter, Dion Stewart, and a third person known only as "Slim." Tr. p. 63. The three men began walking with T.R., and Stewart eventually offered some cocaine to T.R., which she sniffed off of his driver's license. T.R. then accompanied the three men to an abandoned house, although she was expecting to go to one of the three men's house. Stewart and T.R. began kissing at the side of the house, and then he removed his penis from his pants and asked T.R. to touch it. T.R. refused and said she wanted to go home.
> When T.R. said this, the three men accused her of stealing their "stuff" (i.e., cocaine). *Id.* at 71. T.R. began walking away, and one of the men directed her to a purported "shortcut" to her residence down an alley. When she reached the alley, someone said, "Now," and Stewart put his arm around T.R.'s neck from behind and began choking her. *Id.* at 78. Baxter and Stewart then began hitting her about the head with closed fists, trying to knock her out. They then pulled her pants down, while Slim stood watch. Slim forced T.R. to perform oral sex on him while either Baxter or Stewart had vaginal intercourse with her. Baxter and Stewart then alternated forcing T.R. to submit to oral, vaginal, and anal intercourse with them. After about thirty minutes, the three men began to leave and took T.R.'s cell phone and keys from her pants pocket. When T.R. protested that they were taking her house keys, Stewart punched her in the mouth. The punch caused a laceration to T.R.'s lip that required plastic surgery and left a scar. T.R. was able to summon help after the three men left. When taken to the hospital, T.R. was given morphine for her pain.

*Baxter v. State*, No. 49A02-0905-CR-461, slip op. at 1 (Ind. Ct. App. Feb. 16, 2010). When

DNA samples collected from T.R. were submitted to the CODIS database, two of the

samples were found to match Baxter and Stewart. A cheek swab collected from Baxter

confirmed the CODIS match.

> The State charged Baxter with two counts of Class A felony rape, four
> counts of Class A felony criminal deviate conduct, one count of Class A felony
> robbery, one count of Class C felony battery, and one count of Class D felony
> theft. After a jury trial held on April 15-16, 2009, Baxter was found guilty as
> charged on all counts. At the sentencing hearing on May 1, 2009, the trial
> court entered judgments of conviction for the following: one count of Class A
> felony rape, two counts of Class B felony criminal deviate conduct, one count
> of Class C felony robbery, and one count of Class A misdemeanor battery.

*Id*. Stewart and Baxter were tried together after the trial court denied Baxter's motion to

sever. On May 1, 2009, the trial court sentenced Baxter to an aggregate sentence of fifty-four

years of incarceration. Following direct appeal, in which Baxter challenged only his rape

conviction, this court affirmed the judgment of the trial court. *Id.* at 3. In 2010, Baxter filed

a petition for post-conviction relief ("PCR"), and he filed an amended petition on February

17, 2011. On April 20, 2012, the post-conviction court denied Baxter's PCR petition in full.

**DISCUSSION**

*PCR Standard of Review*

Our standard for reviewing the denial of a PCR petition is well-settled:

> In reviewing the judgment of a post-conviction court, appellate courts
> consider only the evidence and reasonable inferences supporting its judgment.
> The post-conviction court is the sole judge of the evidence and the credibility
> of the witnesses. To prevail on appeal from denial of post-conviction relief,
> the petitioner must show that the evidence as a whole leads unerringly and
> unmistakably to a conclusion opposite to that reached by the post-conviction

3

court.… Only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion, will its findings or conclusions be disturbed as being contrary to law.

*Hall v. State*, 849 N.E.2d 466, 468, 469 (Ind. 2006) (internal citations and quotations omitted).

## I. Whether Baxter Received Ineffective Assistance of Trial Counsel

We review claims of ineffective assistance of counsel based upon the principles enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984):

[A] claimant must demonstrate that counsel's performance fell below an objective standard of reasonableness based on prevailing professional norms, and that the deficient performance resulted in prejudice. Prejudice occurs when the defendant demonstrates that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." A reasonable probability arises when there is a "probability sufficient to undermine confidence in the outcome."

*Grinstead v. State*, 845 N.E.2d 1027, 1031 (Ind. 2006) (quoting *Strickland*, 466 U.S. at 694).

Because an inability to satisfy either prong of this test is fatal to an ineffective assistance claim, this court need not even evaluate counsel's performance if the petitioner suffered no prejudice from that performance. *Vermillion v. State*, 719 N.E.2d 1201, 1208 (Ind. 1999).

### A. Failure to Object to Alleged Prosecutorial Misconduct

Baxter contends that his trial counsel was ineffective for failing to object to alleged prosecutorial misconduct. Although Baxter makes several allegations of misconduct in his Appellant's Brief, the only three that were also made below concern three statements the prosecutor made during closing: "that makes her more credible," "these guys are credible over her," and "He's not credible." Tr. pp. 396, 398, 400. Baxter contends that these

4

statements are impermissible statements regarding witness credibility. It is well-settled, however, that "a prosecutor may comment on the credibility of the witnesses as long as the assertions are based on reasons which arise from the evidence." *Lopez v. State*, 527 N.E.2d 1119, 1127 (Ind. 1988).

Our review of the record reveals no misconduct. The prosecutor made the first statement while referring to prior statements that were inconsistent with T.R.'s trial testimony, arguing that her acknowledgment that she had lied made her more credible now. The second statement appears to be a rhetorical question, with the prosecutor asking if the defendants were more credible than the victim in light of her testimony. The third statement was made while the prosecutor was explaining why the defendants' version of events was not credible. In other words, all three statements were based on evidence in the record, not the prosecutor's personal opinions regarding credibility, and were therefore acceptable. Baxter's trial counsel was not ineffective for failing to object on the basis of prosecutorial misconduct.

### B. Failure to Object to Certain Pieces of Evidence

Baxter contends that his trial counsel was ineffective for failing to object to the admission of several pieces of physical evidence, namely items of clothing collected from T.R. by Wishard Health Service Registered Nurse Laura Maloy and DNA collected from Baxter by Indianapolis Metropolitan Police Detective Daniel Green in order to confirm the CODIS match. Baxter contends that the clothing was insufficiently identified and lacked a proper chain of custody. Baxter contends that the DNA lacked a proper chain of custody and was not collected in the manner set forth in Indiana Code sections 10-13-6-12 and 9-30-6-6.

5

In other words, Baxter contends that the State failed to lay proper foundations for the evidence.

Baxter contends that no witness testified that the clothing collected from T.R. was connected to the crimes. Nurse Maloy testified, however, that she collected the clothing from T.R. during the sexual assault examination, giving rise to the reasonable inference that T.R. was wearing the items during the attack. In any event, Baxter presented no evidence that Nurse Maloy or T.R. would have failed to identify the clothing as connected to the crime if they had been asked to do so. As for the chain of custody claims regarding the clothing, Baxter has failed to carry his burden of establishing that the witnesses in question could not have accounted for the evidence if they had been asked to do so.

Regarding the DNA sample, Baxter's chain-of-custody argument suffers from the same fatal flaw as his argument regarding the clothing: there is no evidence that Detective Green could not have accounted for the DNA sample if he had been asked to do so. Finally, as for Baxter's statutory arguments, it is clear that neither Indiana Code sections 9-30-6-6 or 10-13-6-12 apply to the cheek swab Detective Green conducted in this case. Section 9-30-6-6 governs the collection of samples pursuant to the Implied Consent chapter of the Traffic Code, and section 10-13-6-12 governs the collection of samples for the Indiana DNA data base. Additionally, as with Baxter's other evidentiary arguments, even assuming that the State did not satisfy some foundational requirement, there is no evidence that it could not have done so if required. Because Baxter's foundational arguments amount to nothing more than pure speculation that the State could not have laid the proper foundation if required, he

6

has failed to establish ineffective assistance in this regard.

## C. Failure to Properly Prepare for Trial

Baxter contends that his trial counsel failed to adequately investigate potential witnesses or review the DNA evidence. Baxter, however, has not presented any evidence indicating what further investigation would have uncovered or how it might have helped his case. Baxter presented no evidence regarding who these allegedly helpful witnesses were or what their testimony would have been. Baxter also failed to present any evidence regarding what further review of the State's DNA evidence might have revealed or how it could have helped him.

> [E]stablishing [failure to investigate as a] ground for ineffective assistance … require[s] going beyond the trial record to show what the investigation, if undertaken, would have produced. This is necessary because success on the prejudice prong of an ineffectiveness claim requires a showing of a reasonable probability of affecting the result.

*Woods v. State*, 701 N.E.2d 1208, 1214 (Ind. 1998). Baxter has failed to show what further investigation would have produced and so has failed to establish ineffective assistance of trial counsel in this regard.

## D. Failure to Move to Sever

Baxter contends that his trial counsel was ineffective for failing to move to sever his trial from Stewart's. As Baxter concedes, however, his trial counsel did, in fact, move to sever, a motion the trial court denied. If the underlying issue of severance is to entitle Baxter to relief, it will not be on the basis of ineffective assistance of trial counsel.

## II. Whether Baxter Received Ineffective Assistance of Appellate Counsel

7

We review claims of ineffective assistance of appellate counsel using the same standard applicable to claims of trial counsel ineffectiveness. *Ben-Yisrayl v. State*, 729 N.E.2d 102, 106 (Ind. 2000). The defendant must show that appellate counsel was deficient in his performance and that the deficiency resulted in prejudice. *Id.* Ineffective assistance claims at the appellate level of proceedings generally fall into three basic categories: (1) denial of access to an appeal; (2) waiver of issues; and (3) failure to present issues well. *Bieghler v. State*, 690 N.E.2d 188, 193-95 (Ind. 1997).

*Fisher v. State*, 810 N.E.2d 674, 676-77 (Ind. 2004). Baxter's claim of ineffective assistance

of appellate counsel falls into the second category.

Baxter contends that his appellate counsel was ineffective for failing to challenge the

trial court's denial of his motion to sever on direct appeal.

[U]pon motion of the defendant or the prosecutor, the court shall order a separate trial of defendants whenever the court determines that a separate trial is necessary to protect a defendant's right to a speedy trial or is appropriate to promote a fair determination of the guilt or innocence of a defendant.

Ind. Code § 35-34-1-11(b).

Defendants have no absolute right to a separate trial or severance, but they may ask the trial judge to exercise her discretion to grant such a motion. An abuse of discretion occurs when a court denies a defendant's properly filed motion for separate trials and the parties' defenses are mutually antagonistic to such a degree that acceptance of one party's defense precludes the acquittal of the other. A defendant is not, however, entitled to a separate trial merely because a co-defendant implicates that defendant.

*Rouster v. State*, 705 N.E.2d 999, 1004 (Ind. 1999) (citations omitted).

Baxter contends that a motion for severance should have been granted here because

the jury was prevented from hearing testimony from him about Stewart's participation in the

crimes. Baxter has failed to present any evidence to support this claim. Although Baxter

testified at his PCR hearing, he did not testify regarding what his testimony about Stewart's

participation would have been.  Baxter also contends that the joint trial prevented Stewart from testifying, which, he claims, would have helped him.  Stewart, however, did not testify at the PCR hearing, so there is no evidence regarding what he might have testified to at Baxter's individual trial or that it would have had a reasonable probability of affecting the outcome.  Baxter has failed to establish that he received ineffective assistance of appellate counsel.

The judgment of the post-conviction court is affirmed.

RILEY, J., and BROWN, J., concur.